NOT DESIGNATED FOR PUBLICATION

No. 121,239

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH D. PETERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 28, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., HILL and LEBEN, JJ.

PER CURIAM: Kenneth D. Peterson appeals the trial court's decision to revoke his probation and order him to serve his original sentence. We granted Peterson's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47).

On July 11, 2017, Peterson pled guilty to misdemeanor theft and misdemeanor fleeing or attempting to elude an officer. On August 23, 2017, the trial court granted Peterson 18 months' probation, with an underlying 12-month jail sentence.

1

On November 7, 2017, Peterson stipulated to violating his probation and the trial court reinstated his probation but imposed a 72-hour sanction. The court ordered Peterson to complete a residential treatment program as part of his probation.

On November 20, 2017, Peterson's probation officer filed a warrant with the court alleging that Peterson was absent without leave from his residential treatment center.

On January 11, 2019, Peterson stipulated to violating his probation by leaving his residential treatment center. At the probation violation hearing, the trial court noted that Peterson was convicted of possession of methamphetamine and aggravated escape from custody after the court granted him probation in this case. Peterson requested that his probation be reinstated and that he be ordered to attend inpatient treatment.

The trial court denied Peterson's request and sentenced him to a controlling term of 20 months in prison on this case, to be served consecutive to his other cases, leading to a total term of 48 months' imprisonment. Peterson appeals, arguing that the trial court abused its discretion by revoking his probation.

*Legal Analysis*

A trial court may revoke probation without imposing intermediate sanctions when an offender commits a new crime or absconds from supervision while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A), (B)(i). Generally, once a probation violation has been established, the decision to revoke probation rests in the trial court's discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An appellate court reviews the trial court's decision to revoke probation for an abuse of discretion. See *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015). A judicial action constitutes an abuse of discretion (1) if no reasonable person would take the view adopted by the district court, (2) if it is based on an error of law, or (3) if it is based on an error of fact. *State v.*

*Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Peterson bears the burden of proving the trial court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Peterson fails to present any facts supporting his argument that the trial court abused its discretion. The trial court could have revoked Peterson's probation under K.S.A. 2018 Supp. 22-3716(c)(8)(A) or (c)(8)(B)(i). There is no dispute that Peterson violated his probation by committing the crime of aggravated escape from custody. His actions provided a sufficient factual and legal basis for the trial court's decision to revoke his probation and impose his underlying prison sentence. Based on a review of the record, we have no trouble concluding that a reasonable person could agree with the trial court's decision to revoke Peterson's probation. So, the trial court did not abuse its discretion.

Affirmed.